IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Civil Action No. 04-558<br>) |
| DIRECTOR DEVLINE, et al.,<br>    Defendants. | )<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Defendants' Motion for Summary Judgment (Docket No.120) be granted and that judgment be entered accordingly.

II. Report:

Presently before the Court for disposition is the defendants' motion for summary judgment.

Kim Smith, who was formerly an inmate at the State Correctional Institution at Coal Township and presently resides in a community treatment center has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his compliant, Smith alleges that on February 17, 2004, he was paroled from the prison to Renewal, Inc; that at Renewal staff members denied him access to health care, prevented him from attending medical appointments, denied him the opportunity to leave the facility to seek employment, forced him to live in a room without heat and placed him in a job which interfered with his medical treatment, and also interfered with his mail. These facts are said to state a cause of action under the

provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28 U.S.C. Named as defendants, and the movants here are various employees of Renewal, Inc. as well as the institution itself.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The defendants previously filed a motion to dismiss in which they contended that they do not operate under color of law as required by §1983. That motion was denied on December 23, 2004 as lacking in evidentiary support. The defendants have now moved for summary judgment.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on a mere reassertion of the matters raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

In support of their motion, the defendants have submitted the affidavit of Doug Williams (Docket No. 123) in which he states that he is the Chief Executive Officer of Renewal Incorporated; that Renewal is a Pennsylvania non-profit corporation which functions as a half-way-house; that Renewal's board members are volunteers; that its policies were created and adopted by Renewal; that it does not have any independent authority over its residents; that it cannot return residents to prison but can only notify the appropriate authorities of program

violations by residents; that the governmental authorities then determine what action, if any, is appropriate; that governmental authorities have no authority over which individuals Renewal accepts and that its function of providing a transition for inmates to civilian living is not an exclusive function of the state. That is, while performing a community service, Renewal is an agency independent of any governmental entity.

Although there is no single or uniform test to determine whether a private activity may be attributable to the state, the Supreme Court has developed a framework for resolving that question. To establish state action, the complaining party must show "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action may be fairly treated as that of the state itself." Blum v. Yaretsky, 457 U.S. 991, 1004 (1981) (citations omitted).

The state is responsible for a private decision when it has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the state." Id. Furthermore, in viewing the extent and nature of the overall relationship between the state and a private entity, state action will not be found unless the state has "so far insinuated itself into a position of interdependence with [the entity] that it must be recognized as a joint participant in the challenged activity."  See: Burton v. Wilmington Parking Authority, 365 U.S. 715, 725 (1961).

That is,

> [A] challenged activity may be state action when it results from the State's exercise of "coercive power", Blum, when the State provides "significant encouragement, either overt or covert, ibid. or when a private actor operates as a "willful participant in joint activity with the State or its agents," Lugas [v. Edmondson Oil Co., 457 U.S. 922, 941 (1982)]. We have treated a nominally private entity as a

> state actor when it is controlled by an "agency of the State", <u>Pennsylvania v. Board of Directors of City Trusts of Philadelphia</u>, 353 U.S. 230, 231 (1957)(per curiam) when it has been delegated a public function by the State. Cf., e.g., <u>West v. Altkins</u>, [487 U.S. 42, 56 (1988); <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 627-628 (1991), when it is "entwined with governmental policies" or when government is "entwined in [its] management or control." <u>Evans v. Newton</u>, 382 U.S. 296, 299, 301 (1966).

<u>Brentwood Academy v. Tennessee Secondary School Athl. Ass'n</u>, 531 U.S. 288, 296 (2001). Acts of private contractors do not become state acts solely by reason of their engagement in performing public contracts. <u>Robert s. v. Stetson</u>, 256 F.3d 159 (3d Cir.2001).

In opposition to the motion, Smith has submitted objections to the motion in which he makes a number of arguments, but has not submitted anything which would demonstrate that the defendants act under "color of law."[1]

While, the evidence demonstrates the Renewal functions as a facility to ease the transition of inmates into the community, there is nothing in the record which demonstrates that the state exercises any control over Renewal's administration or decision making policy. For this reason, there is nothing which would support the plaintiff's position that Renewal operates "under color of law" and for this reason, Renewal is not subject to suit under the provisions of 42 U.S.C. 1983. Accordingly, it is recommended that the defendants' motion for summary judgment be granted and that judgment be entered accordingly.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[1] See: Docket No. 124.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Robert C. Mitchell, |
| Entered: October 11, 2006 | United States Magistrate Judge |